UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
PATRICIA B.,                       )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 20-424 WES
                                   )
                                   )
KILOLO KIJAKAZI,                   )
Acting Commissioner of the         )
Social Security Administration,    )
                                   )
        Defendant.                 )
_____)
```

**ORDER**

Before the Court is Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 12, and Defendant's Motion for an Order Affirming the Decision of the Commissioner, ECF No. 14. On August 19, 2021, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R. & R.") recommending that the Court deny Plaintiff's motion and grant Defendant's motion. See R. & R. 1, ECF No. 16. Plaintiff filed a timely Objection to the R. & R. See Pl.'s Obj. to R. & R. ("Pl.'s Obj."), ECF No. 17. For the reasons that follow, the Court adopts the Report and Recommendation in full, over Plaintiff's objection.

I.  Background

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act in 2018,

claiming a disability dating back to October 1, 2015. See Social Security Administrative Record ("R.") 20, 172, ECF No. 8. Plaintiff's claim was denied. Id. at 20. On August 23, 2019, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's claim, during which Plaintiff, medical expert Stephen Kaplan ("ME"), and vocational expert Edmond Calandra ("VE") testified. See id. at 20, 47-54.

On September 18, 2019, the ALJ issued a written decision unfavorable to Plaintiff. Id. at 31. The ALJ found that Plaintiff suffered from three severe impairments: chronic pain syndrome, asthma with allergic complications, and obesity. Id. at 22. The ALJ determined Plaintiff's mental impairments to be "non-severe." Id. at 23. As to residual functional capacity ("RFC"), the ALJ found that Plaintiff was able to perform sedentary work. Id. at 26. See 20 C.F.R. § 404.1567(a)(defining sedentary work). Ultimately, the ALJ determined that Plaintiff was capable of performing her past relevant work as an office manager, and therefore, she was not disabled as defined in the Social Security Act from October 1, 2015 through September 18, 2019. R. 30-31.

Plaintiff appealed this decision to the Appeals Council, which denied Plaintiff's request for review on July 16, 2020. Id. at 6. Plaintiff then filed a timely action seeking judicial review before this Court. After review, Magistrate Judge Almond found

that the evidence in the record supported the findings of the Commissioner. R. & R. 1.

II. Standard of Review

The Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Additionally, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); see Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "Questions of law are reviewed de novo[.]" Seavey, 276 F.3d at 9.

III. Discussion

Plaintiff challenges four conclusions in the R. & R.: (1) that substantial evidence supports the ALJ's sedentary RFC assessment without specific asthma limitations; (2) that Plaintiff's challenge to the adequacy of the ME's and VE's testimony is waived, or alternatively, lacks merit; (3) that the ALJ properly considered Plaintiff's subjective pain complaints; and (4) that the ALJ did not commit error in finding Plaintiff's mental impairments non-severe. See Pl.'s Obj. 1-4; R. & R. 10-15.

Plaintiff's first two objections overlap. See Pl.'s Obj. 1-3. First, Plaintiff argues that the ALJ's RFC determination could not have been supported by substantial evidence because the ALJ relied upon incomplete testimony from the medical expert regarding

3

additional asthma limitations. Id. at 1-2. In her second objection, Plaintiff reiterates her argument that "[n]either the VE or ME testified fully" and the decision should not have been based on insufficient testimony. Id. at 2-3. Plaintiff also objects to Judge Almond's finding that Plaintiff waived any argument relating to the completeness of testimony. Id.

After review of the record, the Court agrees with the conclusions set forth in the R. & R. and adopts the reasoning therein. As Magistrate Judge Almond notes, the ALJ highlighted in his decision asthma-related medical evidence in addition to the ME's testimony relating to the RFC determination. See R. & R. 10; R. at 27-29. Furthermore, the Court agrees that "the ME unequivocally and fully articulated his sedentary work opinion after considering all of the medical evidence of record including Plaintiff's asthma." R. & R. 12-13.

Additionally, Plaintiff has waived her objection to the adequacy of the ME and VE's testimony. See Gould v. Colvin, No. 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017), R. and R. adopted, 2017 WL 963185 (D.R.I. Mar. 13, 2017) ("The failure to [ask the VE to provide DOT numbers] at either hearing waives her right to raise the issue now."); Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001) ("no-waiver approach . . . at the ALJ level . . . could cause havoc, severely undermining the administrative process"). However, even if this argument has not been waived,

4

the Court agrees that while the VE's testimony was quite limited, this evidence, combined with the ME's more thorough testimony, is sufficient to support the ALJ's RFC determination.[1]  See R. & R. 10-12.

Third, Plaintiff contends the ALJ did not properly consider her subjective complaints about pain, and that the Magistrate Judge therefore erred in affirming the ALJ on that question.  Pl.'s Obj. 3.  Plaintiff maintains that the ALJ "cherry-pick[ed]" evidence to support the unfavorable decision and reiterates her argument that the ALJ must inquire about the factors set forth in Avery v. Sec'y of Health & Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). Id. at

---

[1] Plaintiff also argues that Magistrate Judge Almond failed to consider relevant caselaw as to the sufficiency of the VE's testimony.  See Pl.'s Obj. 3 (citing May v. Bowen, 663 F. Supp. 388, 393-94 (D. Me. 1987)).  Specifically, Plaintiff argues that the R. & R. failed to address the following principle: "[t]he Secretary must ascertain the demands of the usual former work and then compare those demands with present mental and physical abilities."  Santiago v. Sec'y of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991) (emphasis in original).  The Court disagrees.  As to the VE's testimony, Magistrate Judge Almond noted that "[t]he VE identified Plaintiff's prior office manager job as sedentary and skilled and thus plainly not precluded by the ALJ's RFC assessment for a full range of sedentary work without any additional non-exertional limitations."  R. & R. 13.  Moreover, the record demonstrates that the ALJ elicited testimony from Plaintiff about her past work and her assessment of her current limitations.  R. 42-46; see Santiago, 944 F.2d at 5 (holding that an ALJ may rely on a claimant's description of former duties and current functional limitations).  Ultimately, the ALJ relied upon the medical evidence in the record and the ME's opinion to support his finding that the claimant was capable of sedentary work, and then found that Plaintiff's past relevant work as an office manager involved a sedentary functional capacity.  R. 28-30.

3 n.3; see Pl.'s Reply to Def.'s Mot. to Affirm Decision of the Comm'r 2-4, ECF No. 15.

A claimant "alleging disability due to pain has the threshold burden of establishing clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." Carbone v. Sullivan, No. 91-1964, 1992 WL 75143, at *5 (1st Cir. 1992)(citations omitted). When a claimant has made this showing, "those complaints must be considered along with all other relevant evidence, and 'detailed descriptions of [claimant's] daily activities' must be obtained." Id. (quoting Avery, 797 F.2d at 23). Furthermore, "the ALJ may not reject evidence elucidated during the Avery inquiry solely based on inconsistency with objective medical evidence." Pires v. Astrue, 553 F. Supp. 2d 15, 23 (D. Mass. 2008). After review of the record, the Court disagrees with Plaintiff's characterization of the ALJ's analysis regarding Plaintiff's subjective complaints of pain. For the same reasons stated in the R. & R., Plaintiff's third argument fails. See R. & R. 13-14.

Last, Plaintiff takes issue with the ALJ's characterization of her mental health impairments as "non-severe." Pl.'s Obj. 4. Plaintiff contends that given the low threshold at Step Two, her medically diagnosed mental impairments should have been classified as severe. Id. She also argues that the ALJ improperly substituted his own opinion for those of the consultative examiner

6

and state agency examiner.  Id.  On this question, Magistrate Judge Almond noted that Plaintiff seeks to "inappropriately ask[] this Court to re-weigh the record evidence in a manner more favorable to her."  R. & R. 15.  He further found that the record supported the ALJ's finding regarding Plaintiff's mental impairments.  Id.  The Court finds no fault in this analysis, and adopts the reasoning set forth in the R. & R.

   IV.  Conclusion

   For the reasons set forth herein, the Court adopts the R. & R., ECF No. 16, in full, over Plaintiff's objections.  Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 12, is DENIED.  Defendant's Motion for an Order Affirming the Decision of the Commissioner, ECF No. 14, is GRANTED.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
District Judge
Date:  December 1, 2021